"White, J.
If the first ground of error is well taken, the second need not bo considered.
The first ground is, that the court erred in finding and decreeing that the plaintiff below, Mark Buckingham, was entitled to recover for services rendered by him prior to the commencement of his proceedings in bankruptcy, on September 6, 1867.
Whether this ground of error is well taken or not depends upon the effect of section 11 of the bankrupt act of March 2, 1867, upon the cause of action sued on. According to the provisions of this section, the deed' executed by the register vested in the assignee, among other things, “ all rights in equity ” and “dioses in action” of the bankrupt, and “ all debts due him or any person for his use, and all liens and securities therefor; all his rights of action for property or estate, real or personal, and for any cause of action which the bankrupt had against any person arising from contract,” &c. The section declares that all such rights shall, in virtue of the adjudication of bankruptcy, and the appointment of the assignee, be at once vested in such assignee.
That the plaintiff below had, at the time of his bankruptcy, a right of action for his services rendered up- to that time, we entertain no doubt, from the finding of the court and from his own testimony.
The finding is that he engaged in the management of the business of the plaintiff in error (the defendant below), in December, 1853; but that his employment did not finally terminate until the spring of 1869. The testimony, however, shows that his services substantially ended in 1865. The employment was for no specific time. Either party was at liberty to terminate it at any time, and to require a settlement for the services performed. The fact that it was the expectation of the parties that they would come to an agreement as to the compensation, did not require the plaintiff to continue in the *77 service until such agreement should be consummated; nor did it affect his right to be compensated for services rendered.
On the adjudication in bankruptcy, the right to demand the value of the services already rendered passed to the assignee, who succeeded, by operation of law, to all the rights of the bankrupt in respect to such demand.
It is claimed on behalf of the defendant in error, that although all property and rights of property are, by operation of law, transferred to and vested in the assignee, yet that he is not bound, in all cases, to take possession of every part. That if any part of the property would be rather a burden than a benefit to the estate, the assignee may elect not to take such' property, and in the case of his making srrch election, that the right remains in the bankrupt.
We deem it unnecessary to refer to the various cases cited in support of this proposition. It is sufficient to say that the proposition is not applicable to the case before us. Before the bankrupt can support his title upon the ground that the assignee has elected not to take the property or the right in question, it devolves upon him to show that such election has been exercised by the assignee.
No such proof has been made in the present case. The schedules in the bankruptcy proceeding contained no reference to the claim sued on, nor was it mentioned or disclosed in the examination. - of the bankrupt; nor does it appear that the assignee was otherwise informed, or had notice of the nature or •extent of the claim.
It does appear that he was called as a witness by the defendant below on the trial; but the extent of his examination was merely to show when he was elected assignee, and to require the production of the deed executed to him by the register in bankruptcy.
It is also said, on behalf of the defendant in error, that an action brought by the assignee on the cause of action in question would be barred under section 2 of the bankrupt act. Whether this would be so -or not we cannot determine in this case. The assignee is not before us; and whether his right to maintain the action would be barred, under the principles de *78 cided in Baily v. Glover (21 Wall. 342), can only properly be determined in such action.
But whether an action by the assignee would be barred or. not is immaterial as respects the rights of the bankrupt. The rights of the bankrupt remain the same whether the right of the assignee is barred or not.
It is also claimed that the objection, that the plaintiff below cannot recover for services rendered prior to his bankruptcy, is not available to the plaintiff in error. The proposition is, that the objection relates to the legal capacity of the plaintiff to sue; and that as the objection was not taken by demurrer or by answer, the objection was waived.
But this contention of counsel is founded upon a misconception of the nature of the objection. The objection does not relate to the capacity of the plaintiff to sue, but to the fact, that it appears from the petition that the right of action which is sought to be enforced does not exist in the plaintiff, but in another, on whose behalf the plaintiff is not authorized to sue. To warrant a recovery on the petition, it must show a cause of action in the plcumtiff. If the petition fails to show such a cause of action, the objection is not waived by a failure to demur, or to make the objection by answer. A fact stated in the p'etition, which shows that the plaintiff has no right to recover, need not be again pleaded by the defendant, to make it effective.
The finding and judgment of the court, that the plaintiff below was entitled to recover for services rendered prior to the adjudication in bankruptcy, is set aside, the judgment reversed, and the cause remanded.